

FILED

JUN 18 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

UNITED STATES,

        Plaintiff,

v.                                    CIVIL ACTION NO. 4:08cv75

IRA MARC KOONAN, et al.,

        Defendants.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 30, 2009, this matter was referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct a default judgment hearing, including an evidentiary hearing, if necessary, and to submit to United States District Judge Rebecca Beach Smith proposed findings of fact, if applicable, and recommendations for disposition of the action.

This case concerns the failure of Defendant Ira Marc Koonan ("Koonan") to pay federal income taxes, penalties, and assessments, as a result of which the plaintiff, the United States, has executed tax liens against certain real property described _infra_ ("Real Property") that Koonan owns. The other defendants in this case - Sarah Ann LLC, the Commonwealth of Virginia, Deas Builders and Remodelers ("Deas Builders"), Old Point National Bank ("Old Point"), Liberty Property Limited Partnership ("LPLP"), Dennis Prillaman ("Prillaman"), Barbara Krampf ("Krampf"), and Chesapeake General Hospital - may have interests in the Real Property. As a

default judgment has been entered against Koonan (Doc. No. 55), resolution of this case requires setting forth the terms for selling the Real Property and determining the priority of interests the parties have in the Real Property.

For the reasons stated herein, the undersigned RECOMMENDS that: (1) the United States' motion for default judgment as to Sarah Ann LLC (Doc. No. 19) be GRANTED; (2) the United States' motion for default judgment as to Prillaman (Doc. No. 21) be DENIED; (3) the United States' motion for default judgment as to Chesapeake General Hospital (Doc. No. 23) be GRANTED; the United States' motion for default judgment as to Krampf (Doc. No. 26) be GRANTED; (4) the Court FIND the facts as set forth in the Agreed Stipulated Facts (Doc. No. 56) to be true as stipulated; and (5) the Court ORDER the sale of the Real Property as outlined in the agreed proposed order, attached as R&R Exhibit 4 to this Report and Recommendation.

## I.  PROCEDURAL HISTORY

On July 11, 2008, the United States filed a Complaint for federal taxes against the defendants.  On July 29, 2008, the United States filed a First Amended Complaint.

As an initial matter, several defendants[1] have failed to plead

---

[1] Earlier, Defendant Liberty Property Limited Partnership ("LPLP") was dismissed with prejudice from this case in a Consent Order (Document No. 37), entered on January 27, 2009.  LPLP, having waived, released, and disclaimed any lien, interest, or claim, was dismissed pursuant to Fed. R. Civ. P. 41(a)(2).

or otherwise defend this action:

1.  Defendant Sarah Ann LLC.  Sarah Ann LLC's statutory agent, the
    Virginia State Corporation Commission, was served by first
    class mail with the Summons and First Amended Complaint on
    October 20, 2008.  (Doc. No. 11.)  On December 2, 2008, the
    United States moved for entry of default judgment against
    Sarah Ann LLC and served the company with a Roseboro notice.
    (Doc. Nos. 19-20.)  The Clerk of Court entered default as to
    Sarah Ann LLC on December 3, 2008 pursuant to Federal Rule of
    Civil Procedure 55(a).  (Doc. No. 25.)  Sarah Ann LLC has
    failed to appear before the Court or otherwise respond to the
    First Amended Complaint.

2.  Defendant Barbara Krampf.  Krampf was served on August 30,
    2008. (Doc. No. 12.)  On December 10, 2008, the United States
    moved for entry of default judgment against Krampf and served
    her with a Roseboro notice.  (Doc. Nos. 26-28.)  The Clerk of
    Court entered default as to Krampf on December 11, 2008
    pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No.
    25.)  Krampf has failed to appear before the Court or
    otherwise respond to the First Amended Complaint.

3.  Defendant Chesapeake General Hospital.  Chesapeake General
    Hospital's statutory agent, the Virginia State Corporation
    Commission, was served on October 3, 2008. (Doc. No. 23 Ex.
    A.)  On December 2, 2008, the United States moved for entry of

3

default judgment against Chesapeake General Hospital and served it with a <u>Roseboro</u> notice. (Doc. Nos. 23-24.) The Clerk of Court entered default as to Chesapeake General Hospital on December 30, 2008 pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 34.) Chesapeake General Hospital has failed to appear before the Court or otherwise respond to the First Amended Complaint.

4.   Defendant Ira Marc Koonan. The United States has been unable to locate Koonan. On November 14, 2008, the Court granted the United States a two-month extension of time, to January 9, 2009, to serve Koonan. (Doc. No. 17.) On December 11, 2008, the United States moved for service by publication with respect to Koonan (Doc. No. 30), which the Court granted on January 5, 2009. (Doc. No. 35.) The Court entered an Order of Publication on January 6, 2009, which ordered, among other things, Koonan to appear before the Court on March 15, 2009. (Doc. No. 36.) Koonan has failed to appear before the Court or otherwise respond to the First Amended Complaint. On March 16, 2009, the United States moved for entry of default judgment against Koonan. (Doc. No. 50.) The Clerk of Court entered default as to Koonan on March 24, 2009 pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 53.) On April 1, 2009, the Court granted the United States' motion and entered default judgment against Koonan. (Doc. No. 55.)

4

The entry of default judgment as to Defendants Sarah Ann LLC, Krampf, Chesapeake General Hospital, and Koonan extinguishes any interest they may have in the Real Property as well as any right to a distribution from the proceeds, if any, of the sale of the Real Property.

Defendant Prillaman was served on September 17, 2008. (Doc. No. 5.) He sent a letter[2] dated October 1, 2008 to Assistant U.S. Attorney George M. Kelley ("Kelley") and Kelley, who is counsel for the Plaintiff, United States, filed it with the Clerk on October 24, 2008. (Doc. No. 13.) The United States later filed a Motion for Entry of Default as to Prillaman (Doc. No. 20), together with a Roseboro notice (Doc. No. 22) on December 2, 2008. The Clerk entered default pursuant to Fed. R. Civ. P. 55(a) on December 3, 2008. Prillaman has not appeared in response to notice (Government Exhibit No. 1) at any hearing held in this matter. Prillaman, however, has endorsed both the proposed Order for the sale of the Real Property (Exhibit No. 2) as well as the Agreed Stipulation of Facts (Doc. No. 56), filed on April 20, 2009. The proposed Order for the sale of the Real Property provides for Prillaman to receive proceeds from the sale of the Real Property, if available, and the Agreed Stipulation of Facts confirms Prillaman's interest in the

---

[2] Defendant Prillaman's letter (Doc. No. 13) states: "I'm answering the complaint I received on 09/12/08 and was told I have 20 days to answer. I have a fraud case against [Defendant] Ira Koonan in the amount of $7,000 plus attorney fees of $4,950 and 6% interest from [date of judgment]."

5

property.

Defendants Deas Builders, Old Point, and the Commonwealth of Virginia remain in the case.  Deas Builders filed its Answer (Doc. No. 6) on August 26, 2008.  Old Point filed its Answer (Doc. No. 9) on September 5, 2008.  The Commonwealth of Virginia filed its Answer (Doc. No. 8) on September 4, 2008.

After the case was referred to the undersigned on January 30, 2009, the undersigned held a hearing on February 24, 2009 to determine the current status of the case.  Notice of the hearing was given to all interested parties.  (Doc. No. 39.)  At the hearing, the Court set hearings on the United States' motions for default judgment for March 9, 2009 and March 17, 2009.  By Order entered February 25, 2009, the United States was charged with providing notice to all interested parties of these hearings. (Doc. No. 41.)  At the March 17, 2009 hearing, the United States submitted Government's Exhibit One as evidence that notice had been provided to all of the defendants of the hearings held on March 9, 2009 and March 17, 2009.  The Court then directed the United States to present to the Court a fully endorsed order for the sale of the Real Property.  The United States subsequently filed an Agreed Stipulation of Facts (Doc. No. 56) and presented the Court with an agreed proposed order for the sale of the Real Property.[3]

---

[3] The Agreed Stipulation of Facts (Doc. No. 56) and the Proposed Order for the Sale of the Real Property (R&R Exhibit Four) have been endorsed by Defendant Prillaman.

## II.  **FACTS**

The United States and Defendants Deas Builders, Old Point, the Commonwealth of Virginia, and Prillaman have stipulated certain facts to the Court.  (Doc. No. 56.)  The Court ADOPTS the Agreed Stipulation of Facts and FINDS the facts set out therein to be true, as stipulated.  A summary of those stipulated facts follows.

Koonan owns the Real Property, described as follows:

> ALL that certain lot, piece or parcel of land, with the buildings and improvements thereon and appurtenances thereunto belonging, lying and being in the Roberts District, James City County, Virginia, and more particularly described as Lot 22 on the plat of subdivision of Mile Course, dated May 3, 1974, prepared by Langley, McDonald & Overman, Consulting Engineers, which is duly recorded in the Clerk's Office, Circuit Court of the City of Williamsburg and James City County, Virginia, in Plat Book 32, at page 9 and 10
>
> IN ADDITION, the perpetual, nonexclusive easement in common with others, for ingress and egress over and across all streets and roads shown on [t]he aforesaid plat of subdivision, over and across Kingsmill Road as the same is described on a certain plat dated September 6, 1973, entitled "Busch Properties, Inc. Plat of Right-of-Way and Drainage Easements for Kingsmill Road," recorded in the aforesaid Clerk's Office in Plat Book 31, page 19, and over and across Southall Road as the same is described on a certain plat dated August 1, 2974, entitled "Plat Showing Utility Easements to be Dedicated to James City Service Authority from Busch Properties, Inc.," recorded in the aforesaid Clerk's Office in Plat Book 32, page 38, and additionally described on a certain plat dated April 9, 1976 entitled, "Plat Showing Sanitary Easement to be granted to James City Service Authority from Busch properties, Inc.", recorded in the aforesaid Clerk's Office in

7

Plat Book 33, page 58.

Stipulated Facts ¶ 1.  Koonan originally acquired the Real Property on or about May 31, 1989, and owned it with his wife as tenants in the entireties with the right of survivorship.  Id.  Koonan's wife died on or about December 24, 1990, at which time the entire fee of the Real Property vested in Koonan.  Id. at ¶ 2.

Various individual income tax, penalty, and interest assessments were made against Koonan by the Secretary of the Treasury of the United States for the years 1996 through 2002 totaling $160,090.  Id. at ¶ 3.  Koonan has failed to pay the assessments after the United States gave him notice and demand for payment of the assessments; tax liens attached to Koonan's property, including the Real Property, pursuant to 26 U.S.C. § 6321.  Id. at ¶¶ 4, 6-7.  As of February 16, 2009, Koonan owes the United States $261,210, and interest and costs continue to accrue.

The United States filed notices of federal tax liens relating to these assessments in the City of Williamsburg and County of James City Circuit Court in 2000 and 2004.  Id. at ¶ 9.

The parties have the following priorities of interests in the Real Property:

Old Point has first priority, and claims an interest in the Real Property up to $222,780.  Id. at ¶ 23(a).  On January 10, 2001, Koonan executed a promissory note to pay Old Point the sum of $222,000 and secured this sum by executing a duly recorded deed of

8

trust, dated January 10, 2001, conveying the Real Property to a trustee for the benefit of Old Point ("Old Point Deed").  Id. at ¶ 10.  The Internal Revenue Service subordinated its tax lien against Koonan for tax year 1996 to the Old Point Deed as to the Real Property, pursuant to 26 U.S.C. § 6325(d)(2).  That promissory note is now in default.  Id. at ¶ 12.

The United States has third priority,[4] and claims $261,210 as of February 16, 2009, with interest and costs continuing to accrue.  Id. at ¶ 23(c).

The Commonwealth of Virginia has fourth priority.  Id. at 23(d).  It has a tax lien on the Real Property, duly recorded on March 27, 2001, in the City of Williamsburg and County of James City Circuit Court.  Id. at ¶ 13.

Prillaman has fifth priority.  Id. at ¶ 23(e).  He has an interest in the Real Property by virtue of an abstract of judgment recorded on August 31, 2005 in the City of Williamsburg and County of James City Circuit Court.[5]

---

[4] When the Real Property is sold to satisfy the parties' liens, see infra, a Property Appraisal and Liquidation Specialist ("PALS") of the Internal Revenue Service will conduct the sale.  Id. at 22.    PALS has second priority with respect to any administrative expenses it incurs in conducting the sale.  Id. at ¶ 23(b).

[5] The stipulated facts submitted by the parties do not specify the value of the liens on the Real Property by the Commonwealth of Virginia and Prillaman.  The parties appear to agree that the sale of the Real Property will not result in enough proceeds to satisfy the claims of Old Point, the United States, and PALS, and thus neither the Commonwealth of Virginia nor Prillaman is likely to

9

Any leftover proceeds from the sale of the Real Property would be held by the Clerk for Koonan.  Id. at ¶ 23(f).

Of the remaining defendants, Deas Builders has a mechanic's lien on the Real Property, duly recorded on October 4, 2004, in the City of Williamsburg and County of James City Circuit Court.  Id. at ¶ 14.  With approval of the Court, Deas Builders is set to waive its interest in the Real Property in exchange for $10,000 from Old Point.  Id. at ¶ 15.[6]

The rest of the defendants - Sarah Ann LLC, Krampf, and Chesapeake General Hospital - have possible interests in the Real Property but have not made any appearances in this Court.  Id. at ¶¶ 17-19.

### III.  CONCLUSIONS OF LAW

#### A.  Motions for Default Judgment

The United States has moved for entry of default judgment against Defendants Sarah Ann LLC, Prillaman, Chesapeake General Hospital, and Krampf.  For the following reasons, the undersigned recommends the Court GRANT the United States' motions with respect to Sarah Ann LLC, Chesapeake General Hospital, and Krampf, and DENY

---

receive any proceeds.

[6] This resolution was reached upon settlement of the suit to enforce mechanic's lien filed by Deas Builders in the Circuit Court for the City of Williamsburg / James City County, styled Deas Builder & Remodelers, Inc. v. Sarah Ann, LLC, et al., Case No. 08-306.  A true copy of the dismissal order has been filed as Deas Builders' Exhibit No. 1.

10

Case 4:08-cv-00075-RBS-FBS Document 57 Filed 06/18/09 Page 11 of 19 PageID# 286

the United States' motion with respect to Prillaman.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must serve an answer "within 20 days after being served with the summons and complaint." Rule 55 provides that the Court, upon motion by a party, may enter a default judgment. Fed. R. Civ. P. 55(b). Default can be entered when a party "has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a).

Sarah Ann LLC was served with the Summons and First Amended Complaint on October 20, 2008. Sarah Ann LLC therefore had until November 10, 2008 to answer the First Amended Complaint. Sarah Ann LLC has failed to plead or otherwise defend the action. The Clerk of Court entered default as to Sarah Ann LLC on December 3, 2008 pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 25.) Subsequently, Sarah Ann LLC failed to appear, despite notice, on March 9, 2009 or on March 17, 2009 to protect its interests herein. Accordingly, the Court FINDS that Sarah Ann LLC is in default and RECOMMENDS that the Court enter default judgment against Sarah Ann LLC.

Chesapeake General Hospital was served with the Summons and First Amended Complaint on October 3, 2008. Chesapeake General Hospital therefore had until October 23, 2008 to answer the First Amended Complaint. Chesapeake General Hospital has failed to plead or otherwise defend the action. The Clerk of Court entered default as to Chesapeake General Hospital on December 30, 2008 pursuant to

11

Federal Rule of Civil Procedure 55(a). (Doc. No. 34.) Subsequently, Chesapeake General Hospital failed to appear, despite notice, on March 9, 2009 or on March 17, 2009, to protect its interests herein. Accordingly, the Court FINDS that Chesapeake General Hospital is in default and RECOMMENDS that the Court enter default judgment against Chesapeake General Hospital.

Krampf was served with the Summons and First Amended Complaint on August 30, 2008. Krampf therefore had until September 19, 2008 to answer the First Amended Complaint. Krampf has failed to plead or otherwise defend the action. The Clerk of Court entered default as to Krampf on December 11, 2008 pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 25.) Subsequently, Krampf failed to appear, despite notice, on March 9, 2009 or on March 17, 2009, to protect his interests herein. Accordingly, the Court FINDS that Krampf is in default and RECOMMENDS that the Court enter default judgment against Krampf.

Prillaman was served with the Summons and First Amended Complaint on September 17, 2008. Prillaman, therefore, had until October 7, 2008 to answer the First Amended Complaint. Prillaman, proceeding pro se, sent a letter, dated October 1, 2008, to Plaintiff's counsel which answered the complaint and asserted a claim to the proceeds. That letter (Doc. No. 13) was filed with the Clerk by counsel for the Plaintiff on October 24, 2008. Subsequently, despite Prillaman's failure to appear at hearings

12

scheduled herein on March 9, 2009 and March 17, 2009, he undertook to endorse two documents, an Agreed Stipulation of Facts (Doc. No. 56) and an Order for the sale of the Real Property (R&R Exhibit 4), both of which recognize his modest interest. The Court notes that Prillaman is a pro se litigant and reviews his effort to answer the First Amended Complaint with an eye to doing substantial justice. Prillaman characterizes his letter as an answer; he cites the twenty (20) day period available for a timely response that is provided by Fed. R. Civ. P. 12; and he clearly and appropriately states his claim to a share of the proceeds of the sale of the Real Property. Accordingly, the Court FINDS that Defendant Prillaman has submitted an Answer herein, exercises its discretion to excuse any delay in filing, and directs the Clerk to file the letter (Doc. No. 13) as his Answer. See Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994) (stating that a pro se litigant is entitled to a liberal reading of his pleadings); see also Bauer v. Comm'r, 97 F.3d 45, 49 (4th Cir. 1996) ("trial courts are encouraged to liberally treat procedural errors made by pro se litigants, especially when a technical or arcane procedural rule is involved."); Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) ("Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."). The Court RECOMMENDS

that the Clerk's entry of default (Doc. No. 25) should be set aside pursuant to Fed. R. Civ. P. 55(c). <u>See</u> <u>Senn v. Harrison Transp.</u> <u>Co.</u>, No. 86-2654, 1987 WL 38480, at *1 (4th Cir. Aug. 14, 1987) ("A district court may set aside an entry of defatul for 'good cause shown.'"). The Court further RECOMMENDS that the Motion for Default Judgment as to Prillaman be DENIED.

### B. <u>Order of Sale</u>

A proposed order of sale of the Real Property has been submitted to the Court, by the United States, on behalf of all interested parties remaining in this case who have not been entered into default, to wit: the United States, Old Point, the Commonwealth of Virginia, Deas Builders, and Prillaman.[7] The proposed order sets out the procedure for selling the Real Property, the terms of sale, and the priority of the parties in

---

[7] Counsel for the United States, Assistant United States Attorney George M. Kelly, III ("Kelley"), submitted to the Court a letter dated March 13, 2009, attached to the Report and Recommendation as R&R Exhibit 1, in which he represented that R&R Exhibit 2 represents an agreed order between the parties not in default. Subsequently, at the March 17, 2009 hearing, all parties verbally endorsed the agreed order. The United States, Deas Builders, Old Point, and the Commonwealth of Virginia appeared at the hearing; Prillaman was not present. However, at the Court's suggestion, Kelley obtained Prillaman's signature on the agreed order. On March 27, 2009, Kelley submitted to the Court a letter, attached to this Report and Recommendation as R&R Exhibit 3, attaching an identical copy of the agreed order, previously endorsed by the parties at the March 17, 2009 hearing, with the original signature of Prillaman, who is proceeding <u>pro se</u>. This copy of the agreed order is attached to the Report and Recommendation as R&R Exhibit 4. In the March 27, 2009 letter, Kelley sought to have these two orders merged and presented as an agreed order.

receiving any proceeds that result from the sale.

Pursuant to 28 U.S.C. §§ 2001 and 2002, the Court may order the sale of real property. Among other things, 28 U.S.C. § 2001 provides, "Such sale shall be upon such terms and conditions as the court directs." 28 U.S.C. § 2002 provides certain requirements for giving notice of the sale of the real property.

The undersigned finds that the proposed order of sale comports with these applicable statutes and is otherwise clear and comprehensive about the nature of the sale. Therefore, the undersigned RECOMMENDS the Court enter the proposed Order of sale.

In making this recommendation, the Court notes that counsel for Deas Builders has signed the Agreed Stipulation of Facts (Doc. No. 56) and has endorsed the proposed Order for the Sale of the Real Property. (R&R Exhibit No. 4). The facts stipulated by Deas Builders indicate that it has compromised and settled its mechanic's lien claim; the Order submitted as Deas Builders' Exhibit No. 1, dismissing Deas Builders' mechanic's lien suit with prejudice confirms the settlement of its claim herein. Because the proposed Order for the sale of the Real Property, submitted by the parties not in default, does not provide for Deas Builders to recover proceeds from the sale, the Court FINDS that no approval is required of the settlement of Deas Builders' claim.

## IV. **RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that: (1) the

United States' motion for default judgment as to Sarah Ann LLC (Doc. No. 19) be GRANTED; (2) the United States' motion for default judgment as to Prillaman (Doc. No. 21) be DENIED; (3) the United States' motion for default judgment as to Chesapeake General Hospital (Doc. No. 23) be GRANTED; the United States' motion for default judgment as to Krampf (Doc. No. 26) be GRANTED; (4) the Court FIND the facts as set forth in the Agreed Stipulated Facts (Doc. No. 56); and (5) the Court ORDER the sale of the Real Property as outlined in the agreed proposed order, attached as Exhibit 4 to this Report and Recommendation.

## V. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or

16

recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia

June 18 , 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ari D. Kunofsky
U.S. Department of Justice, Tax Division
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Counsel for Plaintiff

George M. Kelley, III
United States Attorney Office
101 W. Main Street
Suite 8000
Norfolk, VA 23510
Counsel for Plaintiff

Flora T. Hezel
The Rack Law Firm PC
249 Central Park Avenue
Suite 220
Virginia Beach, VA 23462
Counsel for Defendant

Thomas W. Nesbitt
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219
Counsel for Defendant

David A. Hearne
Outland, Gray, O'Keefe & Hubbard
112 Coastal Way
P.O. Box 2250
Chesapeake, VA 23327-2250
Counsel for Defendant

Melvin R. Zimm
Richard A. Knee
Glasser & Glasser PLC
580 E. Main Street
Suite 600
Norfolk, VA 23510
Counsel for Defendant

Dennis Prillaman
834 Wyemouth Drive
Newport News, VA 23602
PRO SE


                              Fernando Galindo,
                              Clerk of Court

                    By:    _____
                              Deputy Clerk

                           June  /8 , 2009